## HEATH v. HAILE.

DAMAGES—MORTGAGOR—MORTGAGEE—GRANTEE.—An action for damages will lie by a mortgagee against a grantee of a mortgagor for the removal by him before sale of buildings put on premises by him; but the amount of damages cannot exceed the balance due on the mortgage debt after applying proceeds of land, or the difference between the value of the premises before and after removal.

Before BENET, J., Lancaster, March, 1895.    Affirmed.

Action by Heath, Springs & Co. against Joseph E. W. Haile, for damages for removal by him of certain buildings from lands mortgaged to the old firm by D. W. Draffin.

The following is so much of the complaint as is necessary to understand the questions:

7th. That thereafter, on the 4th day of July, 1891, the said R. W. Draffin conveyed to the defendant, Joseph E. W. Haile, the said lot of land last above described, subject to the mortgage aforesaid to these plaintiffs.

8th. That on or about the 30th day of October, 1893, an action was commenced in the Court of Common Pleas in and for the said county and State, wherein these plaintiffs were the plaintiffs and the said heirs at law of R. W. Draffin, and the said Joseph E. W. Haile and others were defendants, for the foreclosure of the said mortgage against the land described in the first paragraph of this complaint, including the lot of land described in the sixth paragraph of this complaint; and that the summons and complaint in the said action were thereupon, on or about the day named, served upon the said defendants, and that the said defendant, Joseph E. W. Haile, appeared in the said action and

made answer to the said complaint. That, in the said action for foreclosure, the said defendant, Joseph E. W. Haile, by way of answer, verified by his own affidavit, and by way of exceptions to the report of the referee taken by his attorney in said action, W. D. Trantham, Esq., admitted that the said mortgage was a lien upon the said lot of land, but alleged, amongst other things, that he was entitled to receive from the proceeds of the sale of the said lot, when the same should be sold under the foreclosure of the said mortgage, the value of the improvements alleged to have been made upon the said premises by him by the erection on the same of the buildings hereinafter mentioned. That thereupon such proceedings were had in the said cause as that a decree was duly made therein by the said Court, on the 5th day of November, 1894, overruling all the defenses and exceptions taken by the said defendant, Joseph E. W. Haile, adjudging that the amount due upon the said mortgage debt to the said plaintiffs was the sum of $7,085.82, with interest at the rate of ten per centum per annum from the 21st day of September, 1894, and decreeing a sale of the said mortgaged premises, including the lot of land described in the sixth paragraph of this complaint, and directing the application of the proceeds of said sale, after paying the costs and expenses of the same, and the taxes on the said lands for the year 1894, and the costs and disbursements of the plaintiffs in the said action, towards the payment of the mortgage debt aforesaid due to the said plaintiffs. That, in compliance with the said decree, the said mortgaged premises, including the lot of land described in the sixth paragraph of this complaint, were duly advertised for sale and sold on the 3d day of December, 1894, and that the net proceeds of the sale thereof, after paying the said costs and expenses of sale, and the taxes and the costs and disbursements of the plaintiffs in the said action, amounted to the sum of $5,187.06, which amount being applied towards the payment of the mortgage debt due the plaintiffs, left a balance still due thereon, on the 3d day of

December, 1894, of the sum of $2,034.38 yet remaining unpaid.

9th. That on or about the 29th day of November, 1894, before the sale of the said premises under foreclosure, as above stated, after due and written notice of the filing of the decree of foreclosure in the said action had been served upon the said attorney for the said defendant, Joseph E. W. Haile, and after actual knowledge had by the said defendant, Joseph E. W. Haile, of the filing of the said decree of foreclosure and the terms thereof, the said defendant, Joseph E. W. Haile, did wrongfully and unlawfully, by himself and his agents, dissever and cause to be dissevered from the freehold of the said lot of land described in the sixth paragraph of this complaint (and then subject to the lien of the said mortgage to the plaintiffs) two certain dwellings then being attached to and a part of the freehold of the said lot of land, to wit: a two-room dwelling house and a three-room dwelling house upon the same, being of the value of $750, and did remove and cause to be removed the said buildings and the materials thereof from the said lot of land, and did convert the same to his own use, to the damage of the plaintiffs $750. That, by reason of the dis-severance and removal of the said buildings and materials from the said lot of land, and the conversion of the same by the said defendant to his own use, as aforesaid, the value of the said lot of land as security for the debt due to these plaintiffs upon the mortgage note aforesaid was greatly reduced and lessened, and the security of the said mortgage was greatly lessened and impaired, and that said value and security was thereby lessened and impaired to the amount of the value of the said buildings, to wit: to the amount of $750.

10th. That by reason of the wrongful and unlawful actions of the defendants as aforesaid in dissevering and removing the said buildings and building materials attached to and forming part of the said lot of land, and in converting the same to his own use, the mortgage security of the

said plaintiffs upon the said lands.was lessened and impaired to the amount of $750, and that plaintiffs have no other security from which they can realize the said sum and have no other security from which they can realize any part of said sum, and that same cannot be realized from the estate of the said R. W. Draffin, which is utterly insolvent; and the plaintiffs, therefore, allege that by reason of the said wrongful acts and conversions of property by the said defendant, these plaintiffs have suffered damage in the sum of $750.

The case was tried before a jury, who found for plaintiffs, and the defendant appeals on the following exceptions:

I. That his Honor, the presiding Judge, erred in overruling the defendant's oral demurrer, that the complaint did not state a cause of action, in that it showed upon its face that the plaintiffs had no title to, or was in actual or constructive possession of, the premises from which the buildings were alleged to have been removed, but on the contrary showed that the title was in the defendant, and that he was in the possession of the premises at the time of the removal, as the owner thereof.

II. That his Honor erred in charging the jury that, in estimating damages, reference should be had to the value of the property with the buildings thereon and its value after the removal of the buildings therefrom.

III. That his Honor erred in refusing to charge the jury that by "security" in this instance is meant the thing mortgaged.

IV. That his Honor erred in refusing to charge the jury that, in considering whether the security had been impaired, relation should be had to the condition and value of the premises at the time the mortgage was given.

V. That his Honor erred in charging the jury that it needn't concern them who built or paid for the dwelling houses in question, or whether they were on the premises when the mortgage was executed; but that they should in-

quire whether at any time before the foreclosure sale the
buildings were on the mortgaged land and were removed
by the defendant without the consent of the plaintiffs.

VI. Because his Honor erred in that he held, in effect,
that the defendant had not the right, while yet in the pos-
session of the premises and owning the fee thereto, to remove
therefrom improvements erected at his own expense, and
without injury to the freehold.

*Messrs. W. D. Trantham* and *E. D. Blakeney,* for appellant.

*Mr. Ernest Moore,* contra.

Mar. 6, 1896. The opinion of the Court was delivered by

Mr. Chief Justice McIver. The plaintiffs are the
owners and holders of a mortgage on certain real estate,
executed by one R. W. Draffin, on the 30th of January, 1888,
to secure the payment of a note for $7,000. On the 4th
day of July, 1891, the said Draffin conveyed the mortgaged
premises to the defendant herein; and after the death of
said Draffin, to wit: on the 30th day of October, 1893, the
plaintiffs commenced an action against his heirs at law for
a foreclosure of said mortgage, to which action the defend-
ant herein was made a party defendant. In that action the
plaintiffs obtained a judgment of foreclosure on the 5th day
of November, 1894, and under that judgment the mortgaged
premises were ordered to be sold, and were sold on the 3d
December, 1894, for a sum insufficient to pay the mortgage
debt, the deficiency largely exceeding the damages claimed
in this action. In the meantime, to wit: on the 29th of
November, 1894, the defendant, after due notice of the
judgment of foreclosure, but before the sale, removed from
the mortgaged premises two small dwelling houses which
had been erected thereon, of the value of $750 (as alleged
in the complaint), and the object of this action is to recover
damages for the injury done to the mortgagees in impair-
ing the value of their lien by the removal of the buildings
covered by said lien. The foregoing facts are set out in

the complaint much more fully and in detail than it has been deemed necessary to state them here, inasmuch as a copy of the complaint should be embraced in the report of this case.

At the hearing of the case, which came on for trial before his Honor, Judge Benet, and a jury, the defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, "In that it showed upon its face that plaintiffs had no title, and were not in possession of the premises from which the buildings were alleged to have been removed; but, on the contrary, showed that the title to the said premises was in the defendant, and that he was in the possession thereof, at the time of the removal of the buildings, as the purchaser from the mortgagor." The Circuit Judge overruled the demurrer, and the parties proceeded to offer their testimony. Under the charge of the Circuit Judge, the jury found a verdict in favor of the plaintiffs for $150. The defendant appeals upon the several grounds set out in the record, which need not be repeated here as they should appear in the report of the case.

The first question presented, which is in fact the main question in the case, is whether the Circuit Judge erred in overruling the demurrer. While it is very easy to understand that where, as in this State, a mortgage is regarded as nothing more than a security for the payment of a debt, and not as a conveyance of the legal title, the mortgagee having neither the legal title nor the possession, nor the right of possession, could not maintain an action for *a trespass* upon the mortgaged premises committed either by the mortgagor or by a third person; yet the inquiry still remains whether the legal rights of a mortgagee are not such as, if invaded, he would not have a cause of action for the redress of any injury which may be done to such rights, either by the mortgagor or a stranger. What, then, are the legal rights of the mortgagee? In *Annely* v. *DeSaussure*, 12 S. C., at page 517, Willard, C. J., uses this language, in

speaking of the rights of the mortgagee: "It is true, that he does not hold the legal title to the land while the mortgagor remains in possession, but he holds the lien or security on the land by a legal title (*Simons* v. *Bryce*, 10 S. C., 354). It is erroneous to suppose that a mortgagee holds only an equitable title to his security." That case also recognizes and affirms the doctrine that where improvements, which become a part of the freehold, are put upon the mortgaged premises, either by the mortgagor or a purchaser from him, such improvements become subject to the lien of the mortgage, and constitute a part of the security for the mortgage debt; and the same doctrine was again recognized when the case came again before the Court. See 17 S. C., 394. Now, if this be so, then the buildings alleged to have been removed from the mortgaged premises by the defendant, even if put there by him, constitute a part of the security for the mortgage debt, and if such security was damaged or impaired, as alleged in the complaint, by the removal of the buildings, then, clearly, the legal rights of the plaintiffs have been invaded by the defendant, and, if so, the plaintiffs have a cause of action for the damages thus done to their legal rights.

It is not denied in the argument of counsel for appellant that if the buildings had remained upon the mortgaged premises, they would have passed to the purchaser at the foreclosure sale. Why? Because they were fixtures, which had become part of the freehold (*Reid* v. *Kirk*, 12 Rich., 54), and thus subject to the lien of the mortgage. If so, then the security afforded by such lien was impaired to the extent of the value which such buildings imparted to the mortgaged premises; and if the plaintiffs suffered any loss or damage thereby, as is alleged in the complaint, it is difficult to see why the person who caused such a loss or damage should not be held responsible therefor. In sec. 519 of Pom. on Rem., at page 555, it is said: "The cause of action, therefore, must always consist of two factors: (1) The plaintiff's primary right, and the defendant's corresponding pri-

mary duty, whatever be the subject to which they relate,
person, property, character or contract; and (2) the delict
or wrongful act or omission of the defendant, by which the
primary right and duty have been violated." This doctrine
has been repeatedly recognized in this State, since the
adoption of the Code of Procedure. See *Hayes* v. *Clink-
scales*, 9 S. C., at page 453; *Chalmers* v. *Glenn*, 18 S. C.,
471; *Suber* v. *Chandler*, 18 S. C., 530, and many other
cases. In this case, the primary right of the plaintiffs was
to subject the mortgaged premises, including the buildings
in question, to the payment of the debt secured by the
mortgage, and the delict or wrongful act of the defendant
was the impairment of the security afforded by the mort-
gage by the removal of the buildings constituting a part of
the security held by the plaintiffs. If, then, the allegations
of the complaint be accepted as true, as they must be under
the demurrer, the plaintiffs have stated a complete cause of
action against the defendant. While, therefore, it is true,
as has been stated, that this is a novel action, in this State
at least, its novelty constitutes no sufficient objection to its
maintainance, provided it is shown (as it has been) that
upon well settled legal principles such an action is maintain-
able. But while there does not appear to be any authority
in this State upon the question involved, yet cases are to
be found in other States, holding the same view as to the
nature and effect of a mortgage of real estate which pre-
vails here, which fully sustain an action like the present
one. In *Lavenson* v. *Standard Soap Co.*, 80 Cal., 245—
reported also in 13 Am. St. Rep., 147—it was held that a
mortgagee, after he has foreclosed his mortgage and ascer-
tained what deficiency remains due him, may maintain an
action to recover damages against a person who has im-
paired the value of the security afforded by his mortgage
by removing fixtures from the mortgaged premises. In the
notes of that case, as reported in the Am. St. Reports, seve-
ral cases are collected, notably the case of *VanPelt* v. *Mc-
Graw*, 4 N. Y., 110, which is characterized as the leading

48—45

case upon the subject, all of which hold the same doctrine. There can be no doubt, therefore, that there was no error on the part of the Circuit Judge in overruling the demurrer.

All the other exceptions are practically disposed of by what has already been said, unless it be as to the measure of the damages. As to that, the Judge charged in conformity with plaintiff's sixth request, as follows: "That the measure of the damages which the mortgagee may recover in such a case, is the amount of the loss which he has suffered by the injury to his security, caused by the act of the defendant in removing from the mortgaged premises any building or other permanent improvement thereon. That the amount of loss is to be ascertained in such case by finding the difference between the value of the land with the buildings thereon, and its value after the removal of the buildings, and that the mortgagee is entitled to recover the amount so ascertained, if the same is not in excess of the balance due upon the mortgage debt, after applying the remaining mortgaged property." This instruction was clearly unexceptionable; for if, as has been shown, the buildings, when erected upon the land mortgaged, whether built by the mortgagor or by his grantee, the defendant, at once became a part of the mortgaged premises, and, as such, a part of the security for the payment of the mortgage, then, of course, the loss or damage done to the plaintiffs by the removal of the buildings was the diminished value of the real estate caused by such removal, and if such loss did not exceed the balance due on the mortgaged debt, after exhausting the mortgaged premises remaining, the plaintiffs were entitled to recover the same.

As to the third exception, it may be said, in justice to the Circuit Judge, that he did not refuse to charge defendant's second request, "that by security in this instance is meant the thing mortgaged;" but, on the contrary, he did charge that request, with an explanation as to the meaning of the terms used.

The judgment of this Court is,·that the judgment of the Circuit Court be affirmed.