In re Calvin R. AVERY and Verla N. Avery, Debtors.

George L. SMITH and Mary F. Smith, Plaintiffs,

v.

COMMERCIAL CREDIT PLAN, INC., Defendant.

Bankruptcy No. 80–00136.
Complaint No. 80–0100.

United States Bankruptcy Court, D. South Carolina.

Oct. 8, 1980.

H. C. Prettyman, Jr., Summerville, S. C., for plaintiffs.

H. Thomas McIntosh, Jr., Charleston, S. C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

In this action which is brought for the purpose of having the court determine the priority of the liens on a mobile home, the important times are:

December 13, 1977: The debtors and the plaintiff entered into a contract of sale wherein the debtors agreed to buy from the plaintiffs the land, buildings and improvements for $40,000–a $6,000 down payment and the balance to be paid later.

December 13, 1977: Pursuant to the contract $6,000 was paid by the debtors to the plaintiffs who transferred title to the mobile home to the debtors.

March 13, 1978: The plaintiffs gave a real estate deed to the debtors upon receipt of debtors' $34,000 promissory note and a real estate mortgage covering the deeded property.

September 12, 1978: The debtors borrowed money from Commercial Credit Plan, Inc., the defendant, and gave a security interest in their mobile home to the defendant which was recorded as provided by South Carolina law for the recordation of a lien on a mobile home.

August 14, 1979: The debtors again borrowed money from Commercial Credit Plan, Inc., the defendant, and gave a security interest in their mobile home to the defendant which was recorded as provided by South Carolina law for the recordation of a lien on a mobile home.

The plaintiffs seek to have the court declare the mobile home, situated on the land of the debtors, "free and clear of any lien" held by the defendant Commercial Credit Plan, Inc.

The debtors own a parcel of land which they, on March 13, 1978, purchased from the plaintiffs, who previously had placed thereon a mobile home. At the time of purchase, the debtors paid the plaintiffs $6,000 for the mobile home and gave a note, for the balance of the purchase price, secured by a mortgage describing the realty, but making no mention of the mobile home.

The plaintiffs hold the properly recorded real estate mortgage, given by the debtors, covering the real estate.

The defendant claims a security interest in the mobile home by virtue of a security agreement, dated December 13, 1977, executed by the debtors, which lien has been

recorded on the certificate of title (to the mobile home) issued by the South Carolina Highway Department, as allowed by Section 9–302(3)(b) of the South Carolina Uniform Commercial Code (South Carolina Code of Laws (1976) Section 36–9–302(3)(b)[1]). This lien was so recorded subsequent to the placing of the mobile home on the debtors' land, and subsequent to recording of the plaintiff's real estate mortgage.

The plaintiffs contend that the mobile home is now a fixture on the real estate over which they hold a valid and properly recorded first mortgage.

The defendant contends that the mobile home is personalty, not a fixture; and that its lien has been properly perfected in accordance with the Uniform Commercial Code and is the prime lien on the mobile home.

## QUESTIONS

1. Is the mobile home a fixture on the debtors' realty?

2. Does the real estate mortgage give the plaintiffs a claim to the mobile home superior to that of the defendant which claims a first security interest by virtue of the recording of its lien on the certificate of title to the mobile home?

Both questions are answered in the negative.

## FINDINGS OF FACT

1. Plaintiffs and defendant claim to be secured creditors of the debtors.

2. On December 13, 1977, the plaintiffs, as sellers, and the debtors, as buyers, entered into a contract of sale relating to two lots of land with the buildings and improvements thereon, including a mobile home situated thereon.

---

1. § 36–9–302 provides: "(3) The filing provisions of this chapter do not apply to a security interest in property subject to a statute * * * (b) of this State which provides for central filing of, or which requires indication in a certificate of title of, such security interests in such property, including, but not limited to, the filing provisions of § 30–11–20, Code of Laws of South Carolina, 1976, for a security interest in property of any description or any interest therein created by a mortgage made by a railroad company as defined in § 58–17–20, Code of Laws of South Carolina, 1976."

3. The terms of the sale included: "Sales price: Forty Thousand ($40,000.00) Dollars; the sum of Six Thousand ($6,000.00) Dollars down, upon the execution of this Contract, receipt of which is hereby acknowledged by the Sellers; and Sellers shall convey to the Buyers the title to the mobile home located on Lot 3, . . .; the balance of Thirty–Four Thousand ($34,000.00) Dollars to be paid to Sellers as follows: Buyers to give Sellers a Note and Mortgage on the real estate above described for Thirty–Four Thousand ($34,000.00) Dollars, payable as follows: One Hundred Eighty (180) equal successive monthly installments of Three Hundred Twenty–Four and 93/100 ($324.93) Dollars each, with interest thereon at the rate of eight (8%) percentum per annum, these payments to begin after closing is had on this transaction. That closing shall be had on this transaction on or before One Hundred Twenty (120) days from the date of this contract."

4. On December 13, 1977, the debtors paid to the plaintiffs the sum of Six Thousand ($6,000.00) Dollars whereupon the plaintiff George L. Smith on that date transferred the title to the mobile home to the debtor Calvin Avery by endorsing the assignment of title on the reverse side of the Certificate of Title to the mobile home.

5. In executing the assignment of title, the plaintiff George L. Smith warranted the title to the mobile home to be free and clear of all encumbrances, and did not reserve unto himself a lien.

6. On March 13, 1978, plaintiffs executed a deed conveying the real estate to Calvin Avery and Verla Avery, with the deed containing a description of the real estate, but making no reference to the mobile home. The stated consideration is $34,000.

7. On March 13, 1978, the debtors gave to the plaintiffs a promissory note in the amount of Thirty–Four Thousand ($34,000.00) Dollars and a mortgage covering the same real estate described in the preceding paragraph. The mortgage makes no reference whatsoever to the mobile home.

8. On September 12, 1978, the debtors borrowed money from the defendant, and as security for that loan, the debtor Calvin Avery, gave the defendant a security interest in personal property, including the mobile home; and the defendant perfected its lien on the mobile home by having its lien noted on the Certificate of Title to the mobile home issued by the South Carolina Department of Highways and Public Transportation.

9. On August 14, 1979, as a result of a subsequent loan from the defendant, the debtors gave the defendant a new security interest in the mobile home, which security interest was perfected by the defendant by having its lien noted on the said Certificate of Title.

10. At the time of the transfer of title to the mobile home (December 13, 1977) the Six Thousand ($6,000.00) Dollars which was paid by the debtors to the plaintiffs was considered to be the full consideration for the transfer of title to the mobile home and it was the understanding and intention of the parties to that transaction that the debtors acquired free and clear title to the said mobile home with the right to do with the mobile home as they chose.

11. At the time when the mobile home was placed on the real estate, the wheels and the towing tongue were removed from the mobile home and it was set on concrete blocks with concrete steps erected adjacent to the home. Utilities were connected.

12. The wheels and a towing tongue can be reattached to the mobile home so that it may be rolled away just as it arrived. The extent to which it must be detached from the blocks on which it sits on the real estate does not appear to present unusual problems in moving the mobile home. Such procedures are not unusual in the mobile home industry.

13. The mobile home has been assessed by Dorchester County, South Carolina, as personal property rather than as a part of the real estate; and at the time of the sale of the mobile home from the plaintiffs to the debtors, the plaintiffs gave to the debt-

ors the Dorchester County mobile home license sticker which had been obtained for the mobile home.

## DISCUSSION

Once an item of personal property is attached to real estate, a question arises as to whether the item continues to be personalty or becomes a fixture. The test for determining whether such an item continues to be personal property or becomes an fixture after attachment to land is set out in *Carroll v. Britt*, 227 S.C. 9, 86 S.E.2d 612 (1955). The criteria set down for this determination include: (1) mode of attachment, (2) character of the structure or article, (3) the intent of the parties making the annexation, and (4) the relationship of the parties.

In this case, the testimony indicated that the mobile home had been placed on the real property by the plaintiffs. The home, which was a single piece unit, was placed on concrete blocks, and the wheels and towing yoke were removed. Water and sewer connections were made. However, no permanent foundation was laid. Testimony for the defendant indicated that it would be a fairly simple matter to move the mobile home by replacing the towing assembly and making adjustments to the roof.

Following the placement of the mobile home on this property by the plaintiffs, they sold the underlying real estate to the debtors, and, in return, received $6,000.00 in cash and a note and mortgage, which made no reference to the mobile home. It is uncontradicted that the $6,000.00 payment was the consideration paid for the transfer of title to the mobile home to the debtors. The plaintiff George Smith testified that he transferred his interest in the mobile home when he received the $6,000.00 payment.

It seems clear that it was the intent of the plaintiffs, at the time the mobile home was placed on the real estate and at the time of the conveyance of the real estate from the plaintiffs to the debtors that the mobile home be and remain personal property. The debtors have not disputed such a conclusion. This, coupled with the fact that the home could be moved as easily as it was

placed on the realty–and without damage to the realty–justifies the conclusion that the home did not become a fixture, but continues to be personal property.

## CONCLUSIONS OF LAW

1. The debtors' mobile home is not a fixture on their realty.

2. The security interest of the defendant in and to the mobile home is superior to any lien interest held therein by the plaintiff.

## ORDER

Therefore, IT IS ORDERED that the defendant, Commercial Credit Plan, Inc., be, and it hereby is, declared the holder of a valid and perfected security interest in the mobile home prior to any interest held by real estate mortgagees, plaintiffs in this adversary proceeding.