**In re REBEL MANUFACTURING AND MARKETING CORPORATION, Debtor.**

**Bankruptcy No. 85–00457.**

United States Bankruptcy Court,
D. South Carolina.

Aug. 26, 1985.

Lydia Nyzio, Finkel, Georgaklis, Goldberg, Sheftman & Korn, P.A., Columbia, S.C., Trustee.

Angela Henry, McKay, McKay & Henry, Columbia, S.C., for Anderson Bros. Bank.

### AMENDED MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before me upon the trustee's notice of public sale of debtor's 1983 Vega mobile home, free and clear of any lien. Anderson Brothers Bank, hereinafter referred to as the bank, objects to the sale contending it has a valid first mortgage in the realty upon which the mobile home is located and that the mobile home is a fixture which is subject to that mortgage.

### FINDINGS OF FACT

The bank holds a first mortgage on the real property of the debtor. The mobile home in question is located on this property. The appraisal used by the parties when negotiating the terms of the mortgage included a valuation of the mobile home.

On March 7, 1985, debtor filed for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*). Although the real estate was abandoned (to the bank) by the trustee at the meeting of creditors held on April 5, 1985, the trustee now seeks to

sell the mobile home (situated on the abandoned real estate) free and clear of any lien.

The 1983 Vega is a double-wide mobile home—having been made by the joinder, on the site where it is situated, of two mobile parts—each of which was brought separately to the site—which is underpinned, anchored, and connected to sewerage, water and electric lines. Since the assembly of the mobile home on the real estate in 1983, it has been annexed to the realty by an eight (8') feet by twenty-four (24') feet screened porch and a thirty-three (33') feet by twenty (20') feet sundeck containing an eight (8') feet by twelve (12') feet swimming pool, under which rests a towing tongue of the mobile home.[1] Another room was constructed alongside the sundeck after the mobile home was placed on the realty. The aforementioned additions are physically attached to the mobile home, are anchored to the real property, and surround the home on three sides. Adjacent to the fourth side are large trees.

The mobile home is referred to as personal property on its title. Although the mortgage does not specifically include, as collateral, the mobile home, it does include "fixtures".

The removal of the mobile home cannot be accomplished without radically damaging the construction and the trees surrounding it.

## ISSUE

It has long been the law in South Carolina that fixtures annexed to land which is encumbered with a mortgage inure to the benefit of the real property mortgagee. *Planter's Bank v. Lummus Cotton Gin Co.*, 132 S.C. 16, 128 S.E. 876 (1925); *See also, Heath v. Haile*, 45 S.C. 642, 24 S.E. 300 (1895); *Annely v. DeSaussure*, 12 S.C. 488 (1879). If the mobile home is a fixture, it is subject to the mortgage of the bank and has already been abandoned by the trustee. However, if the mobile home is personal property, it is not subject to the

mortgage of the bank, has not been abandoned by the trustee and is available to the trustee to be sold free and clear of liens. Therefore, the dispositive issue is—Is the mobile home a fixture or is it personalty?

## DISCUSSION

Many courts have determined that mobile homes are fixtures because of the manner in which they are affixed to the realty. *See, In re Morphis*, 30 B.R. 589 (Bankr.N. D.Ala.1983); *In re Ladd*, 21 B.R. 579 (Bankr.D.Me.1982); *In re Owens*, 36 B.R. 661 (Bankr.M.D.Tenn.1984). However, this court, in *In re Avery*, 7 B.R. 28 (Bankr.D.S. C.1980), determined that the mobile home therein was not a fixture but personal property:

> The test for determining whether such an item continues to be personal property or becomes a fixture after attachment to land is set out in *[Carroll] Carrol v. Britt*, 227 S.C. 9, 86 S.E.2d 612 (1955). The criteria set down include: (1) mode of attachment, (2) character of structure or article, (3) the intent of the parties making the annexation, and (4) the relationship of the parties.

*Avery, supra*, at 31.

In *Avery*, the mobile home was a single piece unit which had been placed on concrete blocks with the wheels and towing yoke removed. There was testimony which indicated that "it would be a fairly simple matter to move the mobile home by replacing the towing assembly and making adjustments to the roof." *Avery, supra*, at 31. There was also evidence that both the buyer and seller intended the property to remain personalty which, when coupled with the fact that the mobile home could be moved without damage to the realty, justified a conclusion that the property was personalty.

An application of the four-part test enunciated in *Avery* to the matter presently before the court shows:

1. The court assumes that when the two units were brought to the property there must have

been two towing tongues, one for each unit; however, the record refers to only one.

## I

The various substantial structures and trees surrounding the mobile home would be severely damaged, if not destroyed, should the mobile home be removed. In fact the mobile home would have to be completely divided in order to be transported, and each division would have to be transported separately. The mobile home in the instant case is a combination of two units, whereas the mobile home in *Avery* was a single unit.

## II

The character of this property, as noted above, is that of a single structure not readily adaptable for movement without the expenditure of substantial funds and causing great damage to it and to its surroundings.

## III

It seems clear that the debtor's positioning the mobile home among the trees, and adding the construction on three sides warrants the inference that the intent of the debtor was for the mobile home to become a part of the realty. This inference is supported by the fact that the wheels were replaced by concrete blocks and that the tongue rests underneath the swimming pool.

Although the mobile home was treated by the county as personalty for tax purposes in 1984, this does not control.

## IV

Because title to the land and to the mobile home was in the debtor, the fourth factor of *Avery* is irrelevant here.

## CONCLUSION

The case at bar presents facts which, when applying the four-part test followed in *Avery*, require this court to conclude that the mobile home is a fixture subject to the mortgage of Anderson Brother's Bank. Because the property was abandoned by the trustee, it is no longer property of the estate pursuant to § 554 and § 541 and may not be sold by the trustee free and clear of that lien.

## ORDER

Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

The objection of Anderson Brothers Bank to the trustee's sale of the mobile home free and clear of its lien is sustained.

This order supersedes and amends this court's prior order filed July 31, 1985.