**In re Hazel Rena McLAIN, Debtor.**

**C/A No. 07–02663–HB.**

United States Bankruptcy Court,
D. South Carolina.

Aug. 30, 2007.

Eric S. Reed, Florence, SC, for Debtor.

## ORDER

HELEN E. BURRIS, Bankruptcy Judge.

This matter came before the Court on the Objection to Confirmation of Plan filed by Green Tree Servicing LLC.[1] A hearing was held on August 1, 2007 and the parties agreed that the matter could be decided on briefs. Supplemental or amended briefs were filed by both parties. The Court has considered the briefs filed by the parties and the applicable law and issues the following order.

## FINDINGS OF FACT

1. The debtor filed her Chapter 13 petition on May 17, 2007. The debtor listed ownership in a 1996 Pioneer Doublewide Mobile Home on Schedule B. Green Tree is listed as the secured creditor on Schedule D as to the mobile home.

2. The debtor filed her Chapter 13 plan on June 1. The Plan proposed to satisfy the allowed secured claim of Creditor Green Tree with monthly payments of $477.00 plus 8.5% interest. Debtor moved to establish the allowed secured claim at $22,617.00, using as her valuation source the "NADA Manufactured Housing Appraisal Guide" and her own opinion.

3. On May 29, Green Tree filed a secured claim in the case for $45,550.66 secured by collateral described as a "1996 28 × 56 PIONEER HOUSING SYST." The boxes for "real estate" or "motor vehicle" were not checked but a box labeled "Other[:] Manufactured Home and Appurts.

1. Confirmation of the Plan, Debtor's Motion for Valuation, and Green Tree's objection based on 11 U.S.C. § 1325(a)(5) are held in abeyance pending this decision.

2. Green Tree is the Successor Servicer to GreenPoint Credit, which was the Servicer for BankAmerica Housing Services, A Division of Bank of America, FSB.

11.25000% APR" was checked. Green Tree attached to the Proof of Claim a copy of the Certificate of Title of a Vehicle listing BAHS Bank of America FSB as the lienholder.[2]

4. Green Tree does not have a security interest in the real property upon which debtor's mobile home is located.

5. On June 21, Green Tree filed an objection to confirmation of debtor's plan which included an objection to the proposed valuation pursuant to 11 U.S.C. § 1322(b)(2).[3]

## DISCUSSION AND CONCLUSIONS OF LAW

In the objection currently before the Court, Green Tree contends that 11 U.S.C. § 1322(b)(2) prohibits debtor from modifying its claim secured by the debtor's mobile home because the home serves as debtor's principal residence as that term is defined by § 101(13A). Section 101(13A) is a new provision of the Code, having been added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[4] Section 101(13A) reads:

[t]he term, "debtor's principal residence"—

(A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and

(B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

3. Further reference to the United States Bankruptcy Code will be by section number only.

4. Pub.L. No. 109–8, 119 Stat. 23 (2005) (codified in scattered sections of 11 U.S.C.).

Green Tree argues that this new definition bars debtor from modifying its rights as holder of a secured claim in the mobile home. Section 1322(b) states:

Subject to subsections (a) and (c) of this section, the plan may—

.　　.　　.　　.　　.

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, . . . .

Green Tree argues that § 101(13A) when "applied in the context of the anti-modification provision of § 1322(b)(2)," results in an ambiguity. Specifically, it argues that if § 1322(b)(2) protects only creditors with claims in principal residences secured by real property, then § 101(13A), which specifically includes mobile homes without regard to the real estate on which they sit, is "superfluous" and without "meaningful application." Because of this alleged ambiguity, Green Tree contends the Court must review the intention of the drafters of § 101(13A) to resolve the confusion. Green Tree asserts that such a review will result in an inference that the drafters of BAPCPA intended for § 1322(b)(2) to apply to all mobile homes used as principal residences, regardless of whether they are considered real property.[5]

Debtor contends that § 101(13A) and § 1322(b)(2) are not ambiguous when applied together: the anti-modification clause of § 1322(b)(2) applies only if the debtor's principal residence is also real property.

Green Tree and at least one other creditor have advanced their argument in other bankruptcy courts around the country, resulting in several orders which serve as persuasive authority for this Court on this issue. This Court has examined the two cases which Green Tree proffers as support for its position: *In re Sturgill*, 337 B.R. 599 (Bankr.W.D.Ky.2006) and *In re Shepherd*, 354 B.R. 505 (Bankr.E.D.Tenn. 2006). The Court has also examined the following cases, which support debtor's position: *In re Manning*, No. 07–70190, 2007 WL 2220454 (Bankr.N.D.Ala. Aug. 2, 2007); *In re Coleman*, 373 B.R. 907 (Bankr.W.D.Mo.2007); *In re Herrin*, Nos. 06–12249 and 07–10126, 2007 WL 1975573 (Bankr.S.D.Ala. July 3, 2007); *In re Cox*, No. 07–60073, 2007 WL 1888186 (Bankr. S.D.Tex. June 29, 2007); *In re Tirey*, 350 B.R. 62 (Bankr.S.D.Tex.2006).[6]

■■■ This Court does not find any ambiguity or superfluousness when reading § 101(13A) and § 1322(b)(2) in conjunction with each other. "When the statute's language is plain, the sole function of the court—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 533, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)).

The reasoning of the courts which support debtor's position is persuasive, particularly the bankruptcy court's decision in *Herrin*. See *Herrin*, 2007 WL 1975573, at *2. The *Herrin* court was made aware of statutes of a few states where, under certain conditions, a mobile home may be

---

**5.** The Court notes that the new definition is useful in the application of other provisions of the Bankruptcy Code, for example, in § 522(p), a section also amended by BAPCPA.

**6.** In *In re Woods*, No. 07–10421 (Bankr. M.D.La. July 26, 2007), cited by the debtor, the court overruled an objection to the plan made by Green Tree identical to the objection in this case, but the court issued no written opinion. A notice of appeal was filed by Green Tree on August 3 in that case.

considered real property even if the land is not owned by the mobile home owner. *Id.* The court noted that because "there are states where ownership of the land upon which a debtor's residence sits is not necessary for a mobile home to be considered real property," the statutory scheme of §§ 1322(b)(2) and 101(13A) is "coherent and consistent." Accordingly, there was no need to venture beyond the plain meaning of the provisions. *Id.,* (quoting *U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The court held as follows:

> This Court concludes that §§ 101(13A) and 1322(b)(2) are unambiguous and can be read giving meaning to each word of both provisions. The legislative history is not in conflict with this reading. Section 1322(b)(2), in conjunction with new § 101(13A), now includes mortgages on some mobile homes, manufactured homes and trailers on rented property, as well as condominiums and cooperatives. This Court does not conclude that the statute sweeps into § 1322(b)(2) ALL mobile home mortgages. To reach the result that Green Tree espouses, the Court must ignore the words "secured only be [sic] a security interest in real property" in § 1322(b)(2). If these words have any operative effect, Green Tree loses in cases like Ms. Moss's and Ms. Herrin's.[7] Because the law can be read to give these words effect in light of the law in certain states, under the plain meaning rule, Green Tree's position must fail.

*Herrin,* 2007 WL 1975573, at *3.

The debtor's position is also supported by the leading commentators on the Bankruptcy Code. *Collier on Bankruptcy* states, "[o]nly if a mobile home or coopera-

tive is real property under applicable non-bankruptcy law would the limitations on modification apply, even though the mobile home or cooperative is considered the debtor's principal residence." 8 *Collier on Bankruptcy* ¶ 1322.06[1][a][ii] (Lawrence P. King et al. eds., 15th ed. Revised 2005). Moreover, ignoring the term "real property" within § 1322(b)(2) is contrary to the rules of statutory interpretation. *See Discover Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir.2005) (holding "courts must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous.") This Court does not believe that the result in *Herrin* is absurd or is otherwise contrary to the intention of the drafters, as expressed in the little legislative history behind § 101(13A). *See* H.R.Rep. No. 109–31, Pt. 1, at 72 (2005). Based upon the foregoing, the Court finds that § 1322(b)(2) is unambiguous and the plain meaning of the statute must be enforced as stated by the bankruptcy court in *Herrin* and by the majority of courts that have considered the issue.

■ Since § 1322(b)(2) does not prohibit the debtor from modifying a claim secured by personal property, to avoid modification of its security interest, Green Tree would have to establish that debtor's mobile home is real property under state law. "The question of whether or not a mobile home is sufficiently affixed to real property to be 'real property' afforded the protection of § 1322(b)(2) is a question of state law." *In re Ford,* No. 97–05675–D, slip op. at 3 (Bankr.D.S.C. Oct. 29, 1997); *In re Magee,* No. 99–03418–B, slip op. at 3 (Bankr.D.S.C. Sept. 3, 1999). However, independent of the § 101(13A) definition, Green Tree has not argued or presented

---

7. The *Herrin* court determined that under Alabama law, Ms. Moss's and Ms. Herrin's mo-

bile homes were personal property.

any evidence that could lead the Court to conclude that the mobile home in this case should be considered real property under South Carolina law, or that Green Tree would retain a perfected lien under any such facts. *See, e.g., In re Ford,* slip op. at 3–4; *In re Magee,* slip op. at 4–5; *Smith v. Commercial Credit Plan, Inc. (In re Avery),* 7 B.R. 28, 31 (Bankr.D.S.C.1980); *In re Rebel Mfg. and Marketing Corp.,* 54 B.R. 674, 675–76 (Bankr.D.S.C.1985).

For the reasons stated above, Green Tree does not have "a security interest in real property that is the debtor's principal residence," and debtor's plan may modify Green Tree's secured claim in debtor's mobile home. Green Tree's objection to confirmation based on the modification of its claim and debtor's motion to value lien is **OVERRULED.**