ELECTRONIC CITATION:  2008 FED App. 0007P (6th Cir.)
File Name:  08b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   KENNETH L. DAVIS and TAMMY R. DAVIS, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| KENNETH L. DAVIS and TAMMY R. DAVIS, | ) | |
| | ) | No. 07-8032 |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREEN TREE SERVICING, LLC, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |
| | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Western Division, at Cincinnati.
No. 06-13650.

Argued:  February 6, 2008

Decided and Filed:  April 16, 2008

Before: PARSONS, SCOTT, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Gregory M. Wetherall, Cincinnati, Ohio, for Appellants.  David J. Demers, DEMERS & ADAMS, LLC, New Albany, Ohio, for Appellee.  **ON BRIEF:**  Gregory M. Wetherall, Cincinnati, Ohio, for Appellants.  David J. Demers, DEMERS & ADAMS, LLC, New Albany, Ohio, for Appellee.

—————————

**OPINION**

—————————

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. Kenneth L. Davis and Tammy R. Davis (collectively, the "Debtors") appeal an order of the bankruptcy court prohibiting them from modifying the secured claim of Green Tree Servicing, LLC ("Green Tree") and sustaining the objection of Green Tree to confirmation of the Debtors' chapter 13 plan. For the reasons that follow, we reverse and remand.

## I.   ISSUE ON APPEAL

Whether the addition of § 101(13A) to the Bankruptcy Code,[1] defining a "debtor's personal residence," changed the scope of the anti-modification provision in § 1322(b)(2) to prevent a debtor from modifying a claim secured by a mobile home, without regard to the status of the mobile home as realty or personalty under state law?

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "Panel") has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel and a final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

The bankruptcy court's order sustained Green Tree's objection to confirmation and directed the Debtors to file an amended plan within 20 days. The bankruptcy court's order neither confirmed the Debtors' plan nor dismissed the chapter 13 case. Generally, an order which neither confirms a plan nor dismisses the underlying case is not final. *See WCI Steel, Inc. v. Wilmington Trust Co.*

---

[1] Because the Debtors filed their bankruptcy petition after October 17, 2005, the case is governed by the Bankruptcy Code, as amended by the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Therefore, all statutory references are to the BAPCPA, 11 U.S.C. §§ 101-1534 (2005), unless otherwise specifically noted.

*(In re WCI Steel),* 338 B.R. 1 (N.D. Ohio 2005); *see also Jefferson Fin. Servs. v. Hance (In re Hance)*, 234 F.3d 1268, 2000 WL 1478390 (6th Cir. 2000) (unpub. table decision) (finding lack of jurisdiction where confirmation of chapter 13 plan denied and notice of appeal filed before plan was confirmed). The Debtors properly filed a motion for leave to appeal an interlocutory order pursuant to 28 U.S.C. § 158(a) and Rule 8003 of the Federal Rules of Bankruptcy Procedure. This Panel granted that motion on September 21, 2007.

This appeal presents a discrete legal question. A bankruptcy court's conclusions of law are reviewed *de novo. Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 439 F.3d 248, 254 (6th Cir. 2006); *Mapother & Mapother, PSC v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); *Cluxton v. Fifth Third Bank (In re Cluxton)*, 327 B.R. 612 (B.A.P. 6th Cir. 2005). "*De novo* review means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

## III.   FACTS

The Debtors are the owners of real property located in Clermont County, Ohio. They are also owners of a titled 1996 Commodore Mobile Home (the "Mobile Home"), having purchased it after Green Tree repossessed it from a prior title owner. The record is unclear whether the Mobile Home is permanently affixed to the real property.[2]

The Debtors acquired both the real property and the Mobile Home with monies loaned to them by Green Tree pursuant to a Promissory Note executed by the parties and dated August 25, 1999 (the "Note"). As security for the loan, the Debtors executed an open-end mortgage that was filed for record in the Clermont County Recorder's Office on September 10, 1999. In addition, Green Tree is listed as the first lienholder on the certificate of title for the Mobile Home. The certificate of title to the Mobile Home was not surrendered to the county auditor.

---

[2] According to Green Tree there is no dispute that the Mobile Home is permanently affixed to the real estate. Green Tree asserts that both Green Tree's appraiser and the Debtors testified that the Mobile Home is permanently affixed. On the other hand, the Debtors assert that it is not permanently affixed and that both Kenneth Davis and his appraiser testified as such at the confirmation hearing. However, neither party provided the Panel with a transcript of the proceedings at which this testimony occurred, apparently because the court's electronic equipment malfunctioned and the hearing was not recorded.

The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on October 25, 2006. On their Schedule D, the Debtors listed Green Tree as a secured creditor holding a claim totaling $127,112.01, of which $40,000 was listed as secured by the real property and the Mobile Home, with the $87,112.01 balance listed as unsecured. On Schedule A, the Debtors listed the value of the real property as $25,000 and on Schedule B they listed the value of the Mobile Home as $15,000. On October 31, 2006, Green Tree filed a claim in the amount of $131,605.15, which includes an arrearage of $8,041.69.

The Debtors proposed in their chapter 13 plan to pay Green Tree as secured in the amount of $40,000, the combined value of the real property and the Mobile Home, with interest at the rate of 9% per annum. The Debtors proposed to pay the remainder of Green Tree's claim as a general, unsecured, non-priority claim. Green Tree objected to confirmation of the Debtors' chapter 13 plan pursuant to 11 U.S.C. § 1322(b)(2) which, it asserts, prohibits the Debtors from modifying Green Tree's claim as proposed.

The bankruptcy court held a hearing on April 12, 2007, and on May 24, 2007, issued an order finding that the two tests used by bankruptcy courts in Ohio prior to the enactment of BAPCPA to determine whether a mobile home was covered by the anti-modification provision of § 1322(b)(2) are no longer applicable. The court held that the newly added definition in § 101(13A) of a "debtor's principal residence" brings the Debtors' Mobile Home "under the protective ambit of § 1322(b)(2) whether or not the certificate of title has been turned over to the county auditor and whether or not the mobile home has been physically attached to the real property." (Appellants' Appx. at 3). The court then sustained Green Tree's objection to confirmation and permitted the Debtors 20 days to file an amended plan. Rather than amend their plan, the Debtors timely sought leave to appeal this interlocutory order.

## IV.    DISCUSSION

Section 1322(b)(2) of the Bankruptcy Code provides that a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Pursuant to this provision of the Bankruptcy Code, which is often referred to as the "anti-modification" provision, a debtor may modify a secured claim unless the claim is secured by property that is (1) real property, (2) the debtor's principal residence,

and (3) the only property securing the claim. *See, e.g., Allied Credit Corp. v. Davis (In re Davis)*, 989 F.2d 208 (6th Cir. 1993) (focusing on whether there was additional collateral such that the anti-modification provision did not apply).

BAPCPA did not change the text of § 1322(b)(2). It added a definition of "debtor's principal residence" to § 101. Green Tree argues that because of the adoption of this definition, courts no longer need to consider the first requirement of the relevant substantive provision of the Bankruptcy Code, i.e., that the property in question is real property, so long as the property in question is the debtor's personal residence. The trial court agreed with Green Tree and, based on the reasoning articulated by the bankruptcy court in *Shepherd v. EMC Mortgage Corp.* (*In re Shepherd),* 354 B.R. 505 (Bankr. E.D. Tenn. 2006)*, rev'd,* 381 B.R. 675 (E.D. Tenn. 2008)*,* found there was an ambiguity or an absurdity created by reading the new definition with the unchanged substantive provision of the Bankruptcy Code. The bankruptcy court in *Shepherd* looked at legislative history to divine the congressional intent behind the addition of § 101(13A) to the Bankruptcy Code and concluded that the intent was to eliminate the requirement that the property in question be real property under state law. Similarly, the trial court in this case said it looked to the legislative history for assistance and reached the same conclusion.

The Panel disagrees, as have many courts addressing this issue, that there is ambiguity or inconsistency. *See Shepherd v. EMC Mortgage Corp. (In re Shepherd),* 381 B.R. 675 (district court reversing bankruptcy court); *Moss v. GreenTree-AL, LLC (In re Moss)*, 378 B.R. 655 (S.D. Ala. 2007); *In re McLain*, 376 B.R. 492 (Bankr. D. S.C. 2007); *In re Gearheart*, No. 07-70232, 2007 WL 4463342 (Bankr. E.D. Ky. Dec. 14, 2007). The requirements of the anti-modification provision are found in the plain language of § 1322(b)(2): (1) that the property is real property, (2) that the real property is the debtor's personal residence, and (3) that there is no additional collateral. The addition of the definition of "debtor's personal residence" affects the second requirement, but does not change the analysis required to address the first requirement. As the District Court for the Southern District of Alabama noted,

> Imposing the definition of "debtor's personal residence" on Section 1322(b)(2) results only in the unstartling proposition that property can be a debtor's personal residence even if it is personalty, but it cannot be subject to the no-modification provision unless it is realty. There is nothing absurd or illogical about such a state of affairs.

*Moss*, 378 B.R. at 658. Thus, it is not appropriate to look to the legislative history. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755 (1999)("As in any case of statutory construction, our analysis begins with the 'language of the statute.'. . . And where statutory language provides a clear answer, it ends there as well.")

Furthermore, the legislative history is simply lacking. Green Tree's counsel expressly conceded this point at oral argument. He had no choice since there was no discussion of this section in any recorded debate on the legislation in either house of Congress. The language on which the bankruptcy court focused in *Shepherd* is but a close paraphrase of the statutory definition.[3] *Shepherd,* 381 B.R. at 679 (*citing Herrin v. GreenTree-Al., LLC (In re Herrin)*, 376 B.R. 316, 320 (S.D. Ala. 2007)). This purported legislative history provides no insight into the intent of its drafters with respect to the added definition or of the Congress that adopted it. The Panel does not see this "legislative history" as providing any basis to view the first requirement in § 1322(b)(2)–that the property in question be real property–as altered.

Applicable state law determines what is real property. *See Cluxton v. Fifth Third Bank (In re Cluxton),* 327 B.R. 612 (B.A.P. 6th Cir. 2005) (applying Ohio law to determine whether a mobile home is real property or personalty); *see also In re McLain*, 376 B.R. 492 (Bankr. D. S.C. 2007); *In re Fuller*, No. 07-81073, 2007 WL 3244113 (Bankr. M.D. N.C. 2007)*; In re Bartolome*, No. 07-10731, 2007 WL 2774467 (Bankr. M.D. Ala. 2007). As noted by the bankruptcy court, citing *Cluxton*, Ohio law has two tests to determine whether a mobile home is real property: (1) determine whether the certificate of title to the mobile home had been turned over to the county auditor under Ohio Revised Code § 4505.11(H)(1) or (2) apply the traditional fixture analysis under state law by looking at the physical annexation of the home to the land, the use of the home, and the parties' intent. *See In re Cluxton*, 327 B.R. at 614-15. The bankruptcy court found it undisputed that the certificate of title for the Mobile Home has not been surrendered.[4] However, it did not address the

---

[3] "Section 306(c)(1) amends section 101 of the Bankruptcy Code to define the term 'debtor's principal residence' as a residential structure (including incidental property) without regard to whether or not such structure is attached to real property. The term includes an individual condominium or cooperative unit as well as a mobile or manufactured home, or a trailer." H.R. Rep. No. 109-31(I), at 72 (2005) *as reprinted in* 2005 U.S.C.C.A.N. 88, 140.

[4] The surrender of title to the county auditor's office allows for an unambiguous characterization of mobile homes as realty. In light of this clear state-law procedure, Green Tree as lender could have required its borrower to follow that procedure as a condition of the loan.

second test under Ohio law. In addition, the record before us is not sufficient to allow us to make a determination with respect to this test in the first instance. Therefore, the Panel remands so that the bankruptcy court can make a determination as to whether the Mobile Home is real property under Ohio law.

## V. CONCLUSION

The Panel concludes that the addition of the defined term "debtor's principal residence" did not change the scope of the anti-modification provision contained in 11 U.S.C. § 1322(b). The anti-modification provision remains applicable only to real property. Accordingly, the Panel reverses the decision of the bankruptcy court and remands this case to the bankruptcy court for a determination of whether the Mobile Home is real property under Ohio law.