THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 HSBC Bank USA,
 as Trustee in trust of Citigroup Mortgage Loan and Trust, Inc. Asset Backed
 Pass Through Certificates series 2003-HE4, Respondent,
 v.
 Thomas K.
 Joyner; GMAC Mortgage Corporation DBA ditech.com; Darby E. Davis; Swift
 Ernest Pridgen; Chase Manhattan Bank USA, N.A. c/o CFC; Laurel Woods
 Homeowners' Association, Inc.; and South Carolina Department of Motor
 Vehicles, Defendant(s)
 Of Whom Thomas
 K. Joyner is Appellant.
 
 
 

Appeal from Horry County
 J. Stanton Cross, Jr., Master-In-Equity

Unpublished Opinion No.   2009-UP-081
 Submitted February 2, 2009  Filed
February 12, 2009 

AFFIRMED

 
 
 
 William I. Diggs, of Myrtle Beach, for Appellant.
 Sean A. O'Connor and Brendan P. Langendorfer, both of Charleston,
 for Respondent.
 
 
 

PER CURIAM:  Thomas K. Joyner appeals the
 master's holding that HBSC Bank USA's (HBSC) mortgage encumbered Joyner's
 mobile home and the mobile home was therefore subject to foreclosure.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Hayne Federal Credit Union v. Bailey, 327 S.C. 242,
 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in
 equity. Our scope of review of a case heard by a master who enters a final
 judgment is to determine facts in accordance with our own view of the
 preponderance of the evidence.");  Carroll v. Britt, 227 S.C.
 9, 15, 86 S.E.2d 612, 615 (1955) (stating in determining whether or not a
 building is a fixture, the court should consider: (1) the mode of attachment or
 annexation; (2) the character of the structure; (3) the intention of the person
 making the annexation; and (4) the relationship of the parties); In re Rebel
 Mfg. & Marketing Corp., 54 B.R. 674, 675 (Bankr. D. S.C. 1985) (citing Planter's Bank v. Lummus Cotton Gin Co., 132 S.C. 16, 128 S.E. 876
 (1925)) ("It has long been the law in South Carolina that fixtures annexed
 to land which is encumbered with a mortgage inure to the benefit of the real
 property mortgage."); Rebel Mfg., 54 B.R. at 676 (holding a mobile
 home was a fixture where the structure was not readily adaptable for movement
 and additions, including a screened porch, sun deck and swimming pool, were
 added to the mobile home).  
AFFIRMED.
PIEPER
and LOCKEMY, JJ., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.